UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CARLOS ROBERTO TINOCO
GARCIA,

       Petitioner,

    v.                                                       Case No.:  2:26-cv-00461-SPC-DNF

KRISTI NOEM *et al.*,

       Respondents,

                             /

## OPINION AND ORDER

Before the Court are Carlos Roberto Tinoco Garcia's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 4).  For the below reasons, the Court grants the petition.

Tinoco Garcia is a native and citizen of Honduras who entered the United States without inspection on May 12, 2014.  He applied for asylum in 2025, and the application remains pending.  On January 14, 2026, local police arrested Tinoco Garcia and turned him over to Immigration and Customs Enforcement.  He is currently detained at Alligator Alcatraz without an opportunity to seek release on bond.

The core of the dispute before this Court is whether 8 U.S.C. § 1225(b)(2) or § 1226(a) of the Immigration and Nationality Act ("INA") applies to Tinoco Garcia.  The distinction matters because § 1225(b)(2)

mandates detention, while aliens detained under § 1226(a) have the right to a bond hearing before an immigration judge.  Tinoco Garcia asks the Court to order the respondents to either release him or provide a prompt individualized bond hearing.

The respondents argue (1) 8 U.S.C. § 1252(g) and (b)(9) strip the Court of jurisdiction over the petitioner's claims, (2) the petitioner failed to exhaust available administrative remedies, and (3) the petitioner is properly detained under § 1225 and is not eligible for a bond hearing.  As the respondents acknowledge, the Court rejected their arguments in cases that presented the same issues, like *Hinojosa Garcia v. Noem*, No. 2:25-cv-879-SPC-NPM, 2025 WL 3041895 (M.D. Fla. Oct. 31, 2025) and *Vasquez Carcamo v. Noem*, 2:25-cv-922-SPC-NPM, 2025 WL 3119263 (M.D. Fla. Nov. 7, 2025).  The Court's reasons for granting habeas relief in those cases apply equally here.

As the Court explained in *Hinojosa Garcia* and *Vasquez Carcamo*, it has jurisdiction because this action falls outside the scope of § 1252(g) and (b)(9), and exhaustion is excused because it would be futile.  And like the petitioners in those cases, Tinoco Garcia's detention is governed by § 1226(a), not § 1225(b)(2).  As a noncitizen detained under § 1226(a), Tinoco Garcia has a right to a bond hearing.  *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond

hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).[1]

The Court will thus order the respondents to either bring Tinoco Garcia before an immigration judge for an individualized bond hearing or release him within ten days. The Court is aware that the Executive Office for Immigration Review is the agency that schedules bond hearings. To be clear, subjecting Tinoco Garcia to mandatory detention under § 1225(b)(2) is unlawful. If the respondents are unable to ensure Tinoco Garcia receives the bond hearing he is entitled to under § 1226(a) within ten days, they must release him. Likewise, if an immigration judge finds no jurisdiction to consider Tinoco Garcia's bond request, the respondents must release him.

Accordingly, it is hereby

**ORDERED**:

Carlos Roberto Tinoco Garcia's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

---

[1] The Court acknowledges the Fifth Circuit's decision in *Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. 2026), which agreed with the government's interpretation of the INA. The decision is not binding here, and it contradicts the vast majority of district court opinions addressing the issue. The Court respectfully disagrees with the majority's reasoning and finds Judge Douglas's dissent more persuasive. And a circuit split is likely. In a preliminary decision, the Seventh Circuit considered the government's position on the scope of § 1225(b)(2) and found it unlikely to succeed on the merits. *See Castanon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060-63 (7th Cir. 2025).

(1)     Within **ten days** of this Opinion and Order, the respondents shall either (1) bring Tinoco Garcia for an individualized bond hearing before an immigration judge or (2) release Tinoco Garcia under reasonable conditions of supervision.  If the respondents release Tinoco Garcia, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he may be collected.

(2)     The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on March 9, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties or Record

4